## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Criminal Case No. 11-cr-00433
(Civil Acton No. 16-cv-01436)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY C. JONES,

    Defendant.

## ORDER GRANTING § 2255 MOTION TO VACATE SENTENCE

**Blackburn, J.**

This matter is before me on the defendant's **28 U.S.C. § 2255 Motion To Vacate Sentence** [#65][1] filed June 13, 2016. The government filed a response [#68], and the defendant filed a reply. I grant the motion.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), a federal prisoner claiming the right to be released on the ground that his federal sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," may move to have his sentence vacated, set aside, or corrected.

---

[1] "[#65]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## II.  BACKGROUND

On February 24, 2012, the defendant, Anthony Jones, entered a plea of guilty to possession of a firearm by a previously convicted felon, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On March 21, 2013, this court sentenced Mr. Jones to a term of imprisonment of 77 months.

At sentencing, I found that Mr. Jones was subject to an increased sentence under §2K2.1(a)(2) of the United States Sentencing Guidelines (USSG).  Under USSG §2K2.1(a)(2), a defendant is subject to a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  At sentencing, I determined that Mr. Jones had two prior felony convictions for crimes of violence, vehicular eluding (Colorado, 2006) and felony menacing (Colorado, 2008). Application of USSG § 2K2.1(a)(2) increased Mr. Jones' base offense level by 10 levels, from 14 to 24.  I sentenced Mr. Jones at the bottom of the resulting guideline range to 77 months of imprisonment.

In his present motion, Mr. Jones contends vehicular eluding no longer constitutes a crime of violence under USSG §2K2.1(a)(2).  Accordingly, he asks the court to correct his sentence by eliminating the increase of the base offense level applied at his original sentencing under USSG §2K2.1(a)(2).

## III.  ANALYSIS

USSG § 4B1.2(a) defines the term "crime of violence" as that term is used in USSG §2K2.1(a)(2):

> . . . any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

USSG §4B1.2(a) (emphasis added). The italicized phrase in paragraph (2), often referred to as the residual clause, is at issue in this case.

Notably, Mr. Jones' felony conviction for vehicular eluding does not fit the definition stated in paragraph one of USSG §4B1.2(a) and is not one of the crimes enumerated specifically in paragraph two of USSG §4B1.2(a). Rather, a conviction for vehicular eluding falls within USSG §4B1.2(a)(2) only under the residual clause.

18 U.S.C. § 924(e)(2)(B)(ii) contains a residual clause that is identical to the residual clause of USSG §4B1.2(a)(2). Section 924(e) is part of the Armed Career Criminal Act (ACCA). In ***Johnson v. U.S.***, the Supreme Court of the United States held that the imposition of an enhanced sentence under the residual clause of § 924(e)(2)(B)(ii) violates the due process guarantee of the Constitution of the United States. ___ U.S. ___, ___, 135 S.Ct. 2551, 2563 (2015). That is true, the Court held, because the residual clause is unconstitutionally vague. *Id.* at ___, 135 S.Ct. at 2557. The rule in ***Johnson*** applies retroactively. ***Welch v. U.S.***, ___ U.S. ___, 136 S.Ct. 1257, 1265 (2016).

Following ***Johnson***, but prior to ***Welch***, the United States Court of Appeals for the Tenth Circuit held that the residual clause of USSG §4B1.2(a)(2) is void for vagueness. ***U.S. v. Madrid***, 805 F.3d 1204, 1211 (10th Cir. 2015) ("Given our reliance on the ACCA for guidance in interpreting §4B1.2, it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when

3

courts cannot do so in the context of the ACCA."). Given this precedent, Mr. Jones now contends his sentence must be corrected to the extent his sentence is based, improperly, on the residual clause of USSG §4B1.2(a)(2).

In its response [#68], the government contends the motion of Mr. Jones must be denied because: (1) the holding in *Johnson* does not apply retroactively to the residual clause of § 4B1.2(a); (2) the motion is untimely; and (3) the claim of Mr. Jones has been procedurally defaulted. The government concedes that, if its procedural arguments fail, Mr. Jones must be re-sentenced. *Response* [#68], p. 12.

## A.  RETROACTIVITY

The government contends Mr. Jones has no cause of action because the holding in *Johnson* is not applicable retroactively to the residual clause of USSG § 4B1.2(a). The government contends that the new right recognized in *Johnson* is limited to the ACCA and, thus, does not involve the right asserted by Mr. Jones in his motion, the invalidity of the residual clause in USSG § 4B1.2(a)(2).

In *Johnson*, the Supreme Court recognized a new right concerning the application of the residual clause of the ACCA. In *Welch*, the Supreme Court explicitly made that right applicable retroactively. I find that the new right recognized in *Johnson* and the retroactivity recognized in *Welch* are not strictly cabined to the residual clause of the ACCA. The constitutional issues addressed in *Johnson* are issues inherent in the specific language used in the residual clause of the ACCA. In *Johnson*, the Supreme court announced a new substantive rule concerning that specific language. The same language is used in the residual clause of USSG §4B1.2(a)(2). The motion of Mr. Jones concerns the same language that was at issue in *Johnson*. In the context

4

of USSG §4B1.2(a)(2), that language has the same effect – a sentence enhancement – as it did in *Johnson*. Effectively, Mr. Jones now asserts the right newly recognized in *Johnson* and made retroactively applicable in *Welch*.

Applying the retroactivity principles discussed in *Teague v. Lane*, 489 U.S. 288 (1989), *Welch*, ___ U.S. at ___, 136 S.Ct. at 1264 - 1265, and related cases, I find that the holding in *Johnson* is retroactively applicable to the residual clause of USSG §4B1.2(a)(2). Under *Teague*, as a general matter, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague*, 489 U.S. at 310. *Teague* and its progeny recognize two categories of decisions which fall outside of this general rule. First, new substantive rules generally apply retroactively. New substantive rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him. *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004) (internal quotations and citations omitted). A rule is substantive if it addresses "a substantive categorical guarante[e] accorded by the Constitution, such as a rule 'prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Saffle*, 494 U.S. at 494–95 (internal quotations and citations omitted).

Second, new watershed rules of criminal procedure, which are procedural rules implicating the fundamental fairness and accuracy of the criminal proceeding, will also have retroactive effect. *Welch*, ___ U.S. at ___, 136 S.Ct. at 1264. Retroactivity is applicable only to a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. "That a new procedural

5

rule is 'fundamental' in some abstract sense is not enough; the rule must be one without which the likelihood of an accurate conviction is seriously diminished. This class of rules is extremely narrow, and it is unlikely that any has yet to emerge." ***Schriro***, 542 U.S. at 352 (internal quotations and citations omitted).  "Although the precise contours of this exception may be difficult to discern, we have usually cited ***Gideon v. Wainwright***, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), holding that a defendant has the right to be represented by counsel in all criminal trials for serious offenses, to illustrate the type of rule coming within the exception." ***Saffle***, 494 U.S. at 495.

Applying the holdings in ***Johnson*** to the residual clause of USSG §4B1.2(a)(2), I conclude that the rule in ***Johnson*** applies retroactively.  In ***Welch***, the Court addressed the retroactivity of the ***Johnson*** rule in the context of the ACCA.  The ***Welch*** court said ***Johnson*** is "a substantive decision and so has retroactive effect under ***Teague*** in cases on collateral review."  ***Welch***, ___ U.S. at ___, 136 S.Ct. at 1265.  In addition, the ***Welch*** Court noted that "[b]y striking down the residual clause as void for vagueness, ***Johnson*** changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" ***Id***. (quoting ***Schriro***, 542 U.S. at 353).

Similarly, striking down the residual clause of USSG §4B1.2(a)(2), applying the ***Johnson*** rule, alters the class of persons for which the system present in the guidelines leads to a recommended enhanced sentence to prison.  When the ***Johnson*** rule is applied to the residual clause of USSG §4B1.2(a)(2), some crimes no longer will fit the definition of crime of violence, as used in the guidelines.  The ineluctable result will be that some defendants no longer will be subject to a sentence enhancement based on

prior conviction for a crime of violence.  In this context, the *Johnson* rule prohibits "a certain category of punishment for a class of defendants because of their status or offense."  *Saffle*, 494 U.S. at 494–95 (internal quotations and citations omitted).  The substantive rule in *Johnson* applies retroactively to the residual clause of USSG § 4B1.2(a)(2).

The government contends the *Johnson* rule, in the context of the residual clause of USSG §4B1.2(a)(2), is a non-retroactive procedural rule.  This is true, the government asserts, because application of the residual clause of USSG §4B1.2(a)(2) results in an incorrect recommended sentence, under the guidelines, but it does not authorize a sentence which constitutes an inapplicable mandatory minimum nor does it produce a higher statutory maximum sentence.  These upper and lower limits are controlled, the government notes, by statute and not by the guidelines.  The guidelines provide a framework for the exercise of discretion within the sentencing range provided by statute.

I disagree with this analysis.  The United States Sentencing Guidelines are more than a mere suggestion about the proper sentence.  "The federal system adopts procedural measures intended to make the Sentencing Guidelines the lodestone of sentencing."  *Peugh v. U.S.*, ___ U.S. ___, ___ 133 S.Ct. 2072, 2084 (2013) (retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an ex post facto violation).  "The post-*Booker* federal sentencing scheme aims to achieve uniformity by ensuring that sentencing decisions are anchored by the Guidelines and that they remain a meaningful benchmark through the process of appellate review."  *Id*. at 2083.  In *Peugh*, as here,

the effect of the guidelines on a sentence to prison generally is highly significant and, thus, substantive.

### B.  TIMELINESS

Section 2255 includes a one year period of limitation.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> * * *
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f).

The conviction at issue in this case became final, at the latest, in March 2014. The present § 2255 motion was filed on June 13, 2016, more than one year after the conviction became final. On this basis, the government contends the § 2255 motion of Mr. Jones was not timely filed. Mr. Jones relies on paragraph (3) of § 2255(f), arguing that the right he asserts in his motion, the invalidity of the residual clause of USSG § 4B1.2, was newly recognized by the Supreme Court in *Johnson* and made applicable retroactively to cases on collateral review in *Welch*. *Johnson* was decided on June 26, 2015.

The present motion was filed on June 13, 2016, within one year of the holding in *Johnson*. The right at issue in the present motion was newly recognized by the Supreme Court in *Johnson* and made applicable retroactively to cases on collateral review in *Welch*. Thus, the motion was timely filed.

### C.  PROCEDURAL DEFAULT

8

Generally, if a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." ***United States v. Hollis***, 552 F.3d 1191, 1193–94 (10th Cir. 2009) (citation and internal quotation omitted). In his direct appeal, Mr. Jones did not contend that the residual clause of USSG §4B1.2 is unconstitutional. On this basis, the government contends Mr. Jones now is barred from raising this issue on collateral review under § 2255. Notably, the procedural default doctrine does not bar a defendant from raising a claim for the first time on collateral review when "the factual or legal basis for a claim was not reasonably available to counsel" at the time a direct appeal was or could have been filed. ***Murray v. Carrier***, 477 U.S. 478, 488 (1986). When the factual or legal basis for a claim was not reasonably available, but later becomes available, that change in circumstances can constitute cause for a procedural default.

Prior to ***Johnson***, the argument asserted by Mr. Jones in his present motion was inherently hopeless, absent an overruling by the Supreme Court of its extant precedent. For example, in ***Sykes v. U.S.***, the Supreme Court held that the residual clause "states an intelligible principle and provides guidance that allows a person to conform his or her conduct to the law." 564 U.S. 1, 15 (2011). ***Sykes*** was decided less than two years before Mr. Jones filed his notice of appeal [#42]. ***Johnson***, of course, altered this landscape significantly. I find that Mr. Jones has shown cause for his procedural default because the legal basis for his present claim was not reasonably available to him when he filed his direct appeal. Further, the sentence enhancement imposed on Mr. Jones

9

based on the residual clause of USSG §4B1.2(a)(2) was substantial.  That sentence enhancement constitutes prejudice for the purpose of addressing the procedural default issue.  Thus, the § 2255 motion of Mr. Jones is not barred by procedural default.

### D. RE-SENTENCING

Applying the holding in *Johnson*, the imposition of an enhanced sentence under the residual clause of USSG § §4B1.2(a)(2) violates the due process guarantee of the Constitution of the United States.  The sentence imposed on Mr. Jones was an enhanced sentence based on the residual clause of USSG §4B1.2(a)(2).  Mr. Jones is serving a sentence that is "in excess of the maximum authorized by law." 28. U.S.C. § 2255(a).  Therefore, he is entitled to relief under § 2255.  The sentence enhancement imposed on Mr. Jones under the residual clause of USSG §4B1.2(a)(2) must be vacated, and Mr. Jones must be re-sentenced.  At re-sentencing, Mr. Jones will not be subject to sentence enhancement under the residual clause of USSG §4B1.2(a)(2).

### IV.  CONCLUSION & ORDERS

The holding in *Johnson* is applicable retroactively to the residual clause of USSG §4B1.2(a)(2).  The motion [#65] of Mr. Jones was filed timely and the claim he raises was not procedurally defaulted.  For the reasons specified in this order, Mr. Jones is entitled to re-sentencing.

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **28 U.S.C. § 2255 Motion To Vacate Sentence** [#65] is granted on the terms stated in this order;

2. That the sentence imposed on the defendant, Anthony C. Jones, is vacated pending re-sentencing;

3. That counsel shall contact the court's administrative assistant at **(303) 335-**

**2350** on Monday, **December 12, 2016**, at 10:00 a.m. (MST), to set an expedited hearing for re-sentencing of the defendant;

    4.  That counsel for government shall arrange the conference call necessary to facilitate this telephone conference;

    5.  That the defendant shall be present at the re-sentencing hearing;

    6.  That the probation department shall prepare and file a *Johnson* re-sentencing report approximately one week before the expedited re-sentencing hearing; and

    7.  That as soon as practicable, counsel for the government shall arrange for service of this order on the U.S. Probation Office, the U.S. Marshals Service, and the Bureau of Prisons.

Dated December 8, 2016, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

11